CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA., FILED
JAN 2 8 2009
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JUDY L. CHANDLER, | ) |
| | ) Civil Action No. 5:08CV00062 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| MCKEE FOODS CORPORATION, | ) United States District Judge |
| | ) |
| Defendant. | ) |

This matter is presently before the court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the defendant's motion will be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts, which are taken from the plaintiff's complaint, are accepted as true for purposes of the defendant's motion to dismiss. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

The plaintiff, Judy L. Chandler ("Chandler"), who is proceeding pro se in this matter, submitted as her complaint three pages of typed case review and interview notes which appear to have been made by a third party and to which she affixed her own signature. According to this complaint, Chandler worked for McKee Foods Corporation ("McKee") from August 5, 1991 to August 4, 2006 when she was discharged. At the time of her termination, Chandler was working as a production technician at the defendant's facility which made and packaged Little Debbie cakes. Her duties included monitoring the cakes, packaging, putting boxes in the machines, operating the machinery, and putting plastic wrap around the cakes. On some occasions,

Chandler was required to stack trays or to lift boxes when she filled in for other employees who were absent.

In December 2004, Chandler started having trouble with her back, including pain in her lower back and pain going down her right leg. The plaintiff's doctor informed her that she had degenerative disc disease. In February 2005, Chandler contacted Sandra Carper in McKee's human resources department and told Carper that she desired a job that involved less lifting. Carter suggested that Chandler put her name on the internal list for a transfer to another job. Jobs that became available were assigned from the list based upon seniority in the company. Chandler did, in fact, add her name to the list.

In March of 2005, Chandler was informed that she had exhausted her FMLA leave which she had used during a period when she was undergoing testing on her back. The plaintiff then went out on unpaid short-term disability in April 2005. After injections did not help her condition, Chandler underwent a discogram which confirmed that she had a herniated disk. In December of 2005, Chandler had surgery on her back followed by a lengthy recovery period. She was finally released to return to work in June of 2006 with the following restrictions: (1) no lifting over 10 pounds; and (2) no crawling, climbing or twisting.

After her doctor sent these instructions to McKee, Chandler spoke with Nick Zawhorodny, a Human Resources generalist with McKee, and Brenda Kirby, a nurse for the defendant, by telephone on August 4, 2006. During that call, the McKee representatives informed Chandler that they could not reasonably accommodate her restrictions and that her job was terminated. Chandler states that she believes she was "bypassed for a more accommodating job while she was having surgery and was not accommodated for her condition."

Chandler then filed the instant action on August 1, 2008, asserting a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. The plaintiff served McKee with a summons on September 4, 2008, however she failed to also serve a copy of the complaint. The defendant then moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) for insufficient process and insufficient service of process. Chandler never responded to the defendant's motion, even after the court issued a notice to respond to the motion to dismiss within 15 days, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The court entered an order on October 20, 2008, noting that the 120 day period for service had not yet expired and taking the defendant's motion to dismiss under advisement until the expiration of that period on December 1, 2008. The plaintiff finally served the summons and complaint upon McKee on November 26, 2008. The defendant has now filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief could be granted. Although the court once again sent the plaintiff a Roseboro notice to respond to the defendant's motion to dismiss within 15 days, that period has now expired without response or objection from the plaintiff. Therefore, the motion to dismiss is now ripe for consideration.

## DISCUSSION

The court first notes that this is the defendant's second motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b). Rule 12 generally provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). The court agrees, however, that the issues raised in the current motion were not

3

available to the defendant at the time it filed its earlier motion as it had not yet been served with a copy of the complaint in this matter. Therefore, the court will consider the merits of the defendant's motion to dismiss for failure to state a claim upon which relief may be granted.

**I.     Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim upon the motion of the defendant for failure to state a claim upon which relief may be granted. When considering a motion to dismiss pursuant to Rule 12(b)(6), the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). As the Supreme Court recently noted, a complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965. Because the plaintiff is proceeding pro se in this matter, the court will construe her allegations liberally. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

**II.    Failure to Comply with Federal Rule of Civil Procedure 8(a)(3)**

The defendant first contends that Chandler's complaint fails to state a claim because it fails to demand any relief. Federal Rule of Civil Procedure 8(a)(3) mandates that a pleading will state a claim for relief only when it contains, among other requirements, "a demand for the relief sought, which may include relief in the alternative or different types of relief." This requirement is not difficult to satisfy. Rather, "any concise statement identifying the remedies and the parties

4

against whom relief is sought will be sufficient." Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1255 at 366 (2d ed. 1990)).

The court agrees that, in this case, the plaintiff has simply failed to indicate any form of relief she is seeking from her former employer. The purpose of this requirement in the Rules is to put the defendant on notice of what they might do to satisfy the plaintiff's demands. Here, however, there is no way for McKee to ascertain whether Chandler seeks reinstatement, back or front pay, or any other form of compensation. The plaintiff specifically states that she is not interested in pursuing pay raises and profit-sharing that she allegedly lost, because those amounts would be negligible. Instead, Chandler's complaint, which is in the form of notes made by another party, states only that she "feels she was bypassed for a more accommodating job while she was having surgery and was not accommodated for her condition." The court believes that this omission would be a sufficient ground upon which to dismiss the plaintiff's complaint. However, because the court also agrees that the plaintiff has failed to successfully allege all the elements of a claim under the ADA, the complaint will also be dismissed on the latter ground.

### III. Failure to State a Claim Under the ADA

The ADA provides that it is unlawful to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The Act further defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment

5

position that such individual holds or desires." 42 U.S.C. § 12111(8). Therefore, in order to have a viable cause of action under the ADA, a plaintiff must prove the following elements: (1) that she has a disability; (2) that she is otherwise qualified for the employment or benefit in question; and (3) that she was excluded from the employment or benefit due to discrimination on the basis of the disability. Williams v. Channel Master Satellite Sys., Inc., 101 F.3d 346, 348 (4th Cir. 1996). For the purposes of this motion, the defendant contends that Chandler's complaint fails to include any allegations which would satisfy the second element, i.e., that she was qualified for her position at McKee.

The court first notes that it is not convinced that Chandler has properly alleged that she is actually disabled. An individual is considered disabled for purposes of the ADA when that person has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). The plaintiff has alleged that she is limited to lifting no more than 10 pounds and prohibited from crawling, climbing, or twisting. In the case of a lifting restriction, unless such a restriction renders an individual incapable of performing an entire class of jobs, the limitation does not automatically qualify as a disability under the ADA. See, e.g., Williams, supra, 101 F.3d at 349 (holding that "as a matter of law, [] a twenty-five pound lifting limitation - particularly when compared to an average person's abilities - does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity"); Fitch v. Solipsys Corp., 94 F. Supp. 2d 670, 675-6 (D. Md. 2000) (finding that a white collar worker's restriction from heavy lifting did not constitute a disability under the ADA).

It may be that Chandler's lifting restriction would qualify as a disability under the ADA if

6

she could allege that she routinely engaged in heavy and medium manual labor involving regular lifting of more than 10 pounds. See Fitch, supra, 94 F. Supp. 2d at 676. However, in this case, Chandler states that she typically monitored cakes, operated machines, put boxes in the machines, and put plastic wrap around the cakes. It is not clear if this type of activity would qualify as heavy or medium labor or the weight of items Chandler was routinely required to lift. The plaintiff does state that she occasionally stacked trays or lifted boxes when covering for other employees, but again, she makes no allegations with regard to the typical weight involved in completing these tasks.

In any case, even if the court were to find that the plaintiff has properly alleged that she is disabled under the Act, the court concludes that the plaintiff has failed to properly allege that she is a qualified person with a disability. As previously stated, to be considered a qualified person with a disability under the ADA, a plaintiff must prove that she can perform the essential functions of her job, with or without a reasonable accommodation. See 42 U.S.C. § 12111(8). As the defendant argues, the court finds that Chandler has failed to make any allegation that any form of reasonable accommodation would have permitted her to continue in the position she held at the time of her discharge, that of production technician, or that she could perform the essential functions of that position without any reasonable accommodation.

Instead, Chandler has alleged that she requested a different position which would have involved less lifting and that she placed her name upon a list to be considered for future job vacancies. Chandler has failed, however, to allege that there was any specific job at the McKee facility that she could have performed, with or without a reasonable accommodation. Nor does she suggest any particular reasonable accommodation that McKee could have offered, or that was

refused, to permit her to perform such a job. Furthermore, Chandler has not alleged that there were any vacant positions at McKee to which she could have been transferred in the first instance. See Williams v. Avnet, Inc., 910 F. Supp. 1124, 1136 (E.D.N.C. 1995) (holding that it would not be reasonable for an employer to be compelled to terminate or re-assign other employees or to create a "make-work" position in an attempt to accommodate a disabled employee). As a result, the court concludes that Chandler's claim under the ADA must fail because she has failed to properly allege that she is a qualified individual with a disability to whom the Act would afford protection against discrimination on the basis of that disability.

## CONCLUSION

Because the plaintiff's complaint fails to state a claim for which relief may be granted, the defendant's motion to dismiss will be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff's claim will be dismissed without prejudice, however, permitting the plaintiff the opportunity to remedy the pleading deficiencies noted herein should she choose to do so.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 25th day of January, 2009.

/s/ Glen E. Conrad
United States District Judge